

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. 0-3900
Re: Appointment of deputy short-
hand reporter is within dis-
cretion of judge of the court
in which he is to serve.

        This will acknowledge receipt of your inquiry of
August 23, 1941. Your question grows out of our opinion No.
0-3643 in which we held that a deputy shorthand reporter shall
receive during the time he acts for the official shorthand re-
porter the same salary as the official shorthand reporter re-
ceives.

    Your question is:

        ". . . In order to clarify the situation, would
your answer be the same should the Deputy Reporter
act as a Deputy Reporter regardless of the fact as
to whether the regular official Court Reporter was
neither ill nor had any press of official work." -

        Stated differently your question is:

        "Would the fact that a reporter of this type
was engaged in the performing of certain duties other
than that of a deputy official shorthand reporter
place a restriction on the payment of the salary that
would be paid a regular official court reporter? In
other words, if the duties of a person so employed
were such that fifty per cent of the time was occupied
in other duties and fifty per cent of the time in act-
ing as an actual assistant court reporter change the
status of the amount of salary to be paid?"

Article 2325 of the Revised Civil Statutes provides:

"In case of illness, press of official work, or unavoidable disability of the official shorthand reporter to perform his duties in reporting proceedings in court, the judge of the court may, in his discretion, authorize a deputy shorthand reporter to act during the absence of said official shorthand reporter, and said deputy shorthand reporter shall receive, during the time he acts for said official shorthand reporter, the same salary and fees as to the official shorthand reporter of said court, to be paid in the manner provided for the official shorthand reporter; but the said official shorthand reporter shall also receive his salary in full during said temporary disability to act. The necessity for a deputy official shorthand reporter shall be left entirely within the discretion of the judge of the court."

Thus it clearly appears from the statute that the judge of the court has the discretion and authority to name a deputy shorthand reporter upon his finding that the official court reporter is ill, is pressed by official work or has been unavoidably rendered unable to perform his duties.

We presume that the person serving as deputy shorthand reporter involved in your inquiry was named to such position by the judge of the court in which he is now serving. Your opinion request presumes that the judge of the court had no evidence before him that the official shorthand reporter was ill, pressed by official work or unavoidably rendered incapable of performing the duties imposed upon him, at the time he appointed the deputy shorthand reporter. Whether or not the official court reporter was ill, pressed by official work or unavoidably rendered incapable of performing his duties was a fact question for the judge to pass upon, and we presume that he acted upon the facts made known to him, and that he acted in good faith. Our answer naturally follows therefore that the deputy shorthand reporter is entitled to the same salary and fees as is provided for the official shorthand reporter for the time served by him.

We pass now to the second phase of your question reading:

"In other words, if the duties of a person so employed were such that fifty per cent of the time was occupied in other duties and fifty per cent of the time in acting as an actual assistant court reporter change the status of the amount of salary to be paid?"

We are not sure that we fully understand the import of your question, but will proceed to discuss the matter generally.

We find no requirement in the statutes which makes it mandatory that a shorthand reporter devote any given number of hours to the duties of his office. It is sufficient to the execution of the duties imposed upon him that he is available to the court and litigants for such service as the court requires. He need not actually execute any active duty within any one day. It suffices that he is available for such duties as he is called upon to perform. It naturally follows that he might execute the duties of his position by working in his office an hour each day or even by not appearing at the courthouse at all. We find no prohibition in the statutes against his engaging in other work, with or without compensation, during those hours he is not actually reporting.

Whether or not the deputy official shorthand reporter involved in your inquiry is acting for the official shorthand reporter, even though he spends but fifty per cent of his time in the execution of the duties imposed upon him, is a fact question which the Legislature has seen fit to vest in the hands of the judge of the court in which he serves.

Trusting that this discussion will enable you to properly dispose of the issue before you, we are

Yours very truly

APPROVED SEPT. 8, 1941   ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

By

FIRST ASSISTANT      /s/ Lloyd Armstrong
ATTORNEY GENERAL       Assistant

LA:GO

APPROVED OPINION COMMITTEE BY B.W.B. CHAIRMAN

W.J.F.